IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 21-14230

_____

RICKEY LEE CHRISTMAS,

Plaintiff – Appellant,

versus

LIEUTENANT J. NABORS,
Individual and Official capacity,
SERGEANT MARSHA HILL,
Individual and Official capacity,

Defendants – Appellees.

_____

Appeal from the United States District Court
For the Middle District of Florida
D.C. Docket No. 8:20-cv-00259-TPB-AAS

_____

## ANSWER BRIEF OF APPELLEES

Jennifer M. Vasquez
Campbell Trohn Tamayo & Aranda, P.A.
1701 South Florida Avenue
Lakeland FL 33813
j.vasquez@cttalaw.com
Phone: 863-686-0043

Jonathan B. Trohn
Campbell Trohn Tamayo & Aranda, P.A.
1701 South Florida Avenue
Lakeland FL 33813
j.trohn@cttalaw.com
Phone: 863-686-0043

Counsel for Appellees, Lieutenant J. Nabors and Sergeant Marsha Hill

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, and Rule 26.1-1, Eleventh Circuit Rules of Appellate Procedure, the following persons and firms have an interest in the outcome of this appeal:

1. Arnold-Sansone, Amanda – United States Magistrate Judge

2. Avila, Jodi, Baker & McKenzie, LLP – Attorney for Plaintiff/Appellant Rickey Lee Christmas

3. Barber, Thomas P. – United States District Judge

4. Campbell Trohn Tamayo & Aranda, P.A. – Counsel for Defendants/Appellees

5. Christmas, Rickey Lee – Plaintiff/Appellee

6. Harreveld, Adrienee, Baker & McKenzie, LLP – Attorney for Plaintiff/Appellant, Rickey Lee Christmas

7. Hill, Marsha – Sergeant, Polk County Sheriff's Office

8. Judd, Grady – Sheriff of Polk County, Florida

9. Nabors, J. – Lieutenant, Polk County Sheriff's Office

10. Trohn, Jonathan, Campbell Trohn Tamayo & Aranda, P.A. – Counsel for Defendants/Appellees

11. Vasquez, Jennifer, Campbell Trohn Tamayo & Aranda, P.A. – Counsel for Defendants/Appellees

## STATEMENT REGARDING ORAL ARGUMENT

Defendants/Appellees Nabors and Hill respectfully submit that oral argument is not necessary to resolve Plaintiff/Appellant Christmas' appeal of the district court's dismissal of his amended complaint.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT…………………………… iii

STATEMENT REGARDING ORAL ARGUMENT……………………… iv

TABLE OF CITATIONS……………………………………………….. vii

STATEMENT OF JURISDICTION………………………………………… ix

INTRODUCTORY STATEMENT……………………………………….. 1

STATEMENT OF THE ISSUES………………………………….......... 2

STATEMENT OF THE CASE AND PROCEDURAL HISTORY……….. 3

     STATEMENT OF THE FACTS………………………………… 4

     STATEMENT OF THE SCOPE OF REVIEW…………………….. 6

SUMMARY OF THE ARGUMENT………………………………………… 7

ARGUMENT………………………………………………………………. 9

**I.** The District Court Correctly Determined that Christmas Failed to Allege that his Legal Mail was Unconstitutionally Censored…………………….…….…9

**II.** The District Court Correctly Determined that Christmas Did Not Allege a Plausible Constitutional Violation From His Medical Restriction that Kept Him from Outside Recreation for Two Years………………………12

**III.** The District Court Properly Determined that Christmas Did Not Allege a Violation of the Americans with Disabilities Act or the Rehabilitation Act and the Court did Not Err by Declining to Construe Such a Claim………………………….14

**IV.** The District Court Properly Declined to Intervene in the Medical and Housing Decision to Move Christmas into the General Population and Properly Declined to Read into the Amended Complaint………………………….16

CONCLUSION…………………………………………………………….. 20

CERTIFICATE OF COMPLIANCE……………………………………. 21

CERTIFICATE OF SERVICE………………………………………….. 22

# TABLE OF CITATIONS

## CASES

*Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008)…………………………  9

*Asad v. Bush*, 170 F. App'x 668 (11th Cir. 2006)…………………………  6

*Barker v. Wilkins*, No. 2:09-cv-795-FtM-36SPC,
    2011 U.S. Dist. LEXIS 82202 (M.D. Fla. July 27, 2011)……………  9

*Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999)………….………………  12

*Bell v. Wolfish*, 441 U.S. 520 (1979)………………………………………..  18

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007)…………………………………  6

*Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011)………….…………..  5

*Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261 (11th Cir. 2012)…..  9

*Estimar v. Sims*, No. 16-CV-62712-DIMITROULEAS,
    2016 U.S. Dist. LEXIS 162686 (S.D. Fla. Nov. 21, 2016)…………  10

*Flournoy v. Culver*, 534 F. App'x 848 (11th Cir. 2013)…………………..  15

*Garcia v. Cameron*, No. 2:10-cv-487-FtM-29DNF,
    2010 U.S. Dist. LEXIS 139305, (M.D. Fla. Dec. 30, 2010)……….  14

*Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010)……………  11

*Hampton v. Hamm*, No. 2:20-CV-385-WKW,
    2022 U.S. Dist. LEXIS 2750 (M.D. Ala. Jan. 6, 2022)……………  19

*Harris v. Thigpen*, 941 F.2d 1495 (11th Cir. 1991)………………………  18

*Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1262 (11th Cir. 2020)…….  18

*Ireland v. Prummell*, 53 F.4th 1274 (11th Cir. 2022)……………………  18, 19

*Kendrick v. Faircloth*, No. 8:08-cv-1892-T-33TGW,
　　2010 U.S. Dist. LEXIS 3908 (M.D. Fla. Jan. 19, 2010)…………. 　15
*Keohane v. Sec'y, Fla. Dep't of Corr.*, 952 F.3d 1257 (11th Cir. 2020)….. 　19

*McKune v. Lile*, 536 U.S. 24 (2002)……………………………………. 　13, 14

*Messner v. Hickman Cnty.*, No. 1:11-cv-0059,
　　2013 U.S. Dist. LEXIS 167223 (M.D. Tenn. Nov. 25, 2013)……… 　17

*Siskos v. Sec'y, Dep't of Corr.*, No. 4:17-cv-186-RH-GRJ,
　　2018 U.S. Dist. LEXIS 92565, (N.D. Fla. May 18, 2018)…………. 　16

*Thornburgh v. Abbott*, 490 U.S. 401 (1989)………………………………. 　9, 10

*Urbay v. Monroe Cnty. Sheriff's Office*, No. 16-10091-Civ-MARTINEZ,
　　2016 U.S. Dist. LEXIS 162665 (S.D. Fla. Nov. 22, 2016)…........... 　6, 11

*West v. Higgins*, 346 Fed. App'x 423 (11th Cir. 2009)………………….. 　13, 14

**<u>FEDERAL STATUTES AND CONSTITUTIONAL PROVISIONS</u>**

First, Sixth, Eighth, Fourteenth Amendments,
　　United States Constitution……………………………………….. 　*pass.*

28 C.F.R. § 35.130(b)…………………………………………….......　17

28 U.S.C. § 1915A……...……………………………………………　6

42 U.S.C. § 1983……………………………………………………　9

42 U.S.C. §§ 12101-12214……………………………………………　15

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

# INTRODUCTORY STATEMENT

Appellant, Plaintiff below, will be referred to as "Christmas" or "Plaintiff."

Appellees, Defendants below, will be referred to individually as Lt. Nabors or Sgt. Hill, and together as "Defendants."

The record will be cited according to docket number and/or name, where applicable, with page, line, and/or paragraph citations, as appropriate.

# STATEMENT OF THE ISSUES

I.       Whether the district court correctly dismissed Christmas' First and Sixth Amendment claims because Christmas's complaint alleged that he opened and scanned his own legal mail and was provided a copy of his legal mail.

II.      Whether the district court correctly determined that being restricted from outside recreation for two years did not give rise to a constitutional violation.

III.     Whether the district court correctly declined to construe Christmas' complaints about recreation as an Americans with Disabilities Act claim or Rehabilitation Act claim.

IV.      Whether the district court properly declined to find that Christmas stated a claim that his change in housing status from medical housing to open population and consequent loss of his cane was in retaliation for filing grievances and in violation of his First Amendment rights or was in deliberate indifference to his serious medical needs and in violation of his Fourteenth Amendment rights.

## STATEMENT OF THE CASE
## AND PROCEDURAL HISTORY

The district court initially dismissed all claims in Christmas' *pro se* complaint except for a claim regarding the handling of legal mail against Lt. Nabors, granting Christmas to leave to amend and instructing that the amended complaint would supersede the original complaint and the "Court will not look back to any claim or facts alleged in the Complaint." (ECF 21 p. 16.)

Christmas filed an amended complaint on May 3, 2021. (ECF 23.) Christmas also filed what appear to be handwritten copies of grievances and responses, exhibits, and facts in support of his amended complaint (ECF 23-1), including approximately fifteen pages of single-spaced, handwritten pages of various and often repetitive allegations, with statements of law mixed in. Christmas dedicated a large portion of those facts to the quality of the food he was provided, supposed overcrowded and dirty cells, his medical care, Covid lockdowns, or rumored lack of water. However, Christmas does not appeal the district court's dismissal of his claims associated with these issues. These claims have thus been abandoned.

## STATEMENT OF FACTS

### Christmas' Complaints About Legal Mail and Regular Mail

Christmas was made to open his own legal mail and insert it into a copier to scan the mail; the scanner/copier had a "memory chip" that stored the imaged mail. (ECF 23-1 pp. 36-37.) Plaintiff was then provided his legal mail in an electronic file that he was able to read at a kiosk, and he could "get a copy of it." (*Id.*) The original version was kept with his "property," or he could decide to have it shredded. (*Id.*)

Christmas did not raise on appeal the district court's dismissal of his claims related to regular (non-legal) mail; thus, Christmas abandoned his claims regarding regular mail.

### Christmas' Complaints About Outdoor Recreation

Plaintiff arrived at the jail with a shotgun wound to his stomach. His stomach lining was so thin that if he jumped up and down his stomach would break open and his insides would come out. (ECF 23-1 pp. 21, 32.) Christmas was in the medical dorm for two years and thus did not go outside for recreation. (ECF 23-1 p. 21.) The grievances attached to his amended complaint show that Christmas was permitted and encouraged to exercise inside and to move around the medical dorm.

## Christmas' Complaints About Open Population

Christmas insisted on being able to go to outside recreation; thus, Defendants complied and put him on open population. (ECF 23-1 p. 21.) He alleges that he was "placed in open population to get some recreation . . . ." (*Id.* at 24.) His cane was taken from him by medical before he was placed in the general population. (*Id.* at 21 & 24.) He still had his colostomy bag, but it is not clear if he alleges that the colostomy bag was causing him pain when he was permitted outdoor recreation or whether the "pain and emotional distress" was because the "open population" was on the "two in two out" policy. (*Id.* at 21 & 24.)

## Christmas' Complaints About Overcrowding, the "Two in Two out" Policy, Food, Covid Lockdowns, Lack of Water, and Dirty Cells

Christmas spends many pages of his complaint, objections, and grievances complaining about overcrowding, the "two in two out" policy, food, Covid lockdowns, unclean cells, and a rumored lack of water. However, Christmas has abandoned these issues as he does not contest the district court's determination regarding these issues on appeal. *Bingham v. Thomas*, 654 F.3d 1171, 1174 n.1 (11th Cir. 2011).

## STATEMENT OF THE SCOPE OF REVIEW

The Eleventh Circuit reviews a "district court's *sua sponte* dismissal for failure to state a claim under Section 1915(e)(2)(B)(ii) *de novo*, accepting the allegations in the complaint as true and granting the motion only if there is no set of facts that would entitle the plaintiff to relief." *Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006). Although pro se pleadings are liberally construed, such liberality is not without limit. *See Urbay v. Monroe Cnty. Sheriff's Office*, No. 16-10091-Civ-MARTINEZ, 2016 U.S. Dist. LEXIS 162665, at *5 n.4 (S.D. Fla. Nov. 22, 2016) (noting that the "policy of liberal construction for *pro se* litigants does not extend to a 'liberal construction' of the limitations period"). If a plaintiff does not "nudge" his "claims across the line from conceivable to plausible," his "complaint must be dismissed." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred." *Urbay*, 2016 U.S. Dist. LEXIS 162665, at *5.

# SUMMARY OF THE ARGUMENT

The district court correctly determined that Christmas did not allege a plausible claim that his First and Sixth Amendment rights were being violated by the jail's requirement that he open and scan his legal mail and being provided a copy of the legal mail. Christmas does not allege that Lt. Nabors or Sgt. Hill censored his mail in any way, and an institution's mail process where legal mail is opened in an inmate's presence is constitutional. Christmas does not allege any facts to support his assertion that Lt. Nabors was responsible for designing, adopting, and executing the procedure regarding legal mail.

The district court correctly granted Christmas' claim regarding recreation. An inmate does not have a constitutional right to recreation nor to demand a certain housing status.

Christmas' complaint did not allege, state, or even mention a cause of action under the Americans with Disabilities Act (ADA) or the Rehabilitation Act (RA); the district court did not err by declining to read an ADA or RA claim into the complaint. In any event, Christmas failed to state an ADA or RA claim.

Finally, Christmas did not state a retaliation claim regarding his cane. Plaintiff cites a portion of his objections to the magistrate judge's report and recommendations; however, there is no mention of retaliation in his complaint. Moreover, even if the objection could be taken as an allegation, it does not rise to

the level of a plausible retaliation claim. Christmas grieved the lack of outdoor recreation due to his housing in the medical dorm, where he was apparently recovering from a gunshot injury to his stomach. Once he was moved to open population, where he had access to outdoor recreation, he was no longer permitted to have his cane. That is, there are no allegations in the complaint to support an implied assertion that his cane was taken from him because of retaliation for filing grievances instead of as a necessary condition of his move from medical status to open population. Christmas also fails to allege facts to state a plausible claim of deliberate indifference to his serious medical needs by taking his "medically necessary cane."

Christmas has abandoned all claims regarding food, overcrowding, cleanliness, medical care, Covid lockdowns, or purported lack of water because he does not raise them on appeal.

Christmas has also abandoned all official capacity claims because he does not contest the district court's determination that Christmas did not allege "an unconstitutional policy or custom that would attribute liability to Nabors or Hill in their official capacity." (ECF 27 p. 7).

**ARGUMENT**

In order to state a claim under Section 1983, Christmas must establish two elements: (1) that he suffered a deprivation of rights, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265-66 (11th Cir. 2012). The district court correctly found that Christmas did not establish a deprivation of rights by a person acting under color of law and correctly dismissed Christmas' claims against Lt. Nabors and Sgt. Hill in their individual and official capacities.

## I. The District Court Correctly Determined that Christmas Failed to Allege that his Legal Mail Was Unconstitutionally Censored

The district court, citing *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008), correctly determined that Christmas failed to state a First Amendment claim because he alleged that he opened his own mail and scanned it himself. Though the First Amendment is implicated if an inmate's mail is censored without penological purpose, prison officials "are afforded more leeway in regulating incoming mail because of the greater security risks inherent in materials coming into an institution." *Barker v. Wilkins*, No. 2:09-cv-795-FtM-36SPC, 2011 U.S. Dist. LEXIS 82202, at *12 (M.D. Fla. July 27, 2011) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 416 (1989)). Courts accord "substantial deference" to prison

officials "who bear a significant responsibility for defining a corrections system's legitimate goals and determining the most appropriate means to accomplish them." *Estimar v. Sims*, No. 16-CV-62712-DIMITROULEAS, 2016 U.S. Dist. LEXIS 162686, at *17 (S.D. Fla. Nov. 21, 2016) (citations and quotation marks omitted). "Affording officials with 'broad discretion' is especially appropriate where 'the regulations at issue concern the entry of materials into the prison.' " *Id*. (quoting *Thornburgh*, 490 U.S. at 416-17.

Although Christmas tries to distinguish the dismissal of his First and Sixth Amendment claims as being *sua sponte*, all the claims reviewed under 28 U.S.C. § 1915(A) were properly reviewed and dismissed *sua sponte*. He did not allege that legal mail was opened outside of his presence. Although Christmas objects to a "memory chip" that presumably exists and contains his mail so that he may view it on the kiosk, he does not allege that Defendants actually read his legal mail. He does not allege Lt. Nabors or Sgt. Hill viewed the data on that memory chip. None of Christmas' grievances stated that Lt. Nabors or Sgt. Hill were depriving him of his right to uncensored legal mail. Because Christmas does not allege that Lt. Nabors or Sgt. Hill read his legal mail, prevented him from receiving his legal mail, or censored his legal mail in any way, the district court's determination that Christmas failed to state a First Amendment violation must be upheld. To the extent that Plaintiff's appeal relies on objections he raised to the magistrate's

report and recommendation, "arguments not raised by Plaintiff before the magistrate judge cannot be raised for the first time in objections" to the magistrate's report. *See Urbay*, 2016 U.S. Dist. LEXIS 162665, at *11 n.4. The district court properly exercised its discretion if it declined to consider arguments raised by Christmas for the first time in his objections to the report and recommendation. *See id.*

Moreover, Christmas failed to point to any mail that fits the definition of legal mail that purportedly was not delivered to him. The only example of the "legal mail" he attached is a communication from the district court, which is not the type of communication that warrants protection. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) (concluding that where a prison opened private letters outside of the presence of the prisoner that had been sent to the prisoner by the district courts and agencies rather than from his lawyer the practice was harmless because those communications were "not of a nature that would give the reader insights into the prisoner's legal strategy).

Nor does Christmas' complaint contain allegations of a Sixth Amendment violation, which applies to inmate legal mail insofar as an inmate has the right to assistance of criminal defense counsel. Christmas does not allege that Lt. Nabors or Sgt. Hill interfered with or censored any legal mail from his criminal defense attorney and this claim was likewise properly dismissed.

Finally, beyond his bare assertion that "Lt. J. Nabors is the policy principal architect and he was instrumental in its adoption and execution," (ECF 23-1 p. 36), Christmas does not allege any facts that would state a plausible claim Lt. Nabors had decision-making authority for the jail, that Lt. Nabors was tasked with crafting and enforcing the legal mail procedure, or that Lt. Nabors was otherwise individually or officially liable for the process applied to legal mail.

Christmas fails to allege any violation of his First or Sixth Amendment rights as to legal mail; the district court's dismissal of his First and Sixth Amendment claims must be affirmed.

## II. The District Court Correctly Determined that Christmas Did not Allege a Plausible Constitutional Violation From His Medical Restriction that Kept Him from Outside Recreation for Two Years.

Plaintiff claims that he was denied outside exercise for two years but not that he was denied all movement. Inmates do not have a constitutional right to outside exercise. *See Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999) (finding that the "complete denial to the plaintiffs of outdoor exercise, although harsh, did not violate the Eight Amendment"). Christmas' essential complaint is that "movement was denied and [his] muscles [were] allowed to atrophy." ECF 23-1 p. 21. However, he does not allege that he was bedridden or was not permitted to move around. On the contrary, the grievances attached to his amended complaint demonstrate that Defendants encouraged him to get exercise and move around

while assigned to the medical dorm.  (*See, e.g.* ECF 23-1 p. 7.)  Christmas also contends that his injury would be severely aggravated by large movements (*see, e.g.* ECF 30 p. 3) (stating that "my stomach was so thin that if I jumped up and down my guts will fall out . . ."), which at least suggests a reason for declining to interfere with Christmas' medical housing – a medical determination that kept him from outside recreation.

Christmas was presumably on restricted medical status because of his colostomy bag and a cane.  As set forth above, he admits that his stomach situation was somewhat precarious.  But he kept insisting that he wanted to be moved off medical status.  Once he was moved to open population (where a cane was not allowed for safety and security reasons), he complained that it was too crowded, and that recreation is dangerous.

Lt. Nabors or Sgt. Hill were not constitutionally required to create a special housing unit and a unique recreation hour just for Christmas.  "It is a long-held axiom that by virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted."  *West v. Higgins*, 346 Fed. App'x 423, 426 (11th Cir. 2009) (citing *McKune v. Lile*, 536 U.S. 24, 40 (2002)) (citations and quotation marks omitted).  "The decision where to house inmates is at the core of prison administrators' expertise and does not implicate due process rights."  *Id*. (citing *McKune*, 536

U.S. at 39). "Similarly, 'an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before.'" *Id*. (citing *McKune*, 536 U.S. at 39-40). Denying transfer to open population, or transferring an inmate to open population status, does not give rise to a violation of Plaintiff's constitutional rights. *See Garcia v. Cameron*, No. 2:10-cv-487-FtM-29DNF, 2010 U.S. Dist. LEXIS 139305, at *8-9 (M.D. Fla. Dec. 30, 2010).

Christmas is essentially complaining about his housing status and that he was well enough to participate in outdoor recreation but contradicts himself by asserting at the same time he was in pain because of his colostomy bag and still needed his cane. The district court correctly determining that this complaint failed to state a claim.

### III. The District Court Properly Determined that Christmas Did Not Allege a Violation of the Americans with Disabilities Act or the Rehabilitation Act and the Court Did Not Err By Declining To Construe Such a Claim.

Christmas' appellate brief makes an argument that the district court should have construed Christmas' allegations that he was prevented from going to outside recreation for two years as an ADA or RA claim. The district court was not required to construe such a claim; if it had, Christmas failed to state a claim under the ADA or RA that he was discriminated against because of a disability.

To state an ADA or RA claim, Christmas must allege (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of the jail's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of Christmas' disability. *Flournoy v. Culver*, 534 F. App'x 848, 852 (11th Cir. 2013).

As an initial matter, Lt. Nabors or Sgt. Hill cannot be liable in their individual capacities. Individual defendants cannot be held liable for violation of Title II of the ADA. *Kendrick v. Faircloth*, No. 8:08-cv-1892-T-33TGW, 2010 U.S. Dist. LEXIS 3908, at *37 (M.D. Fla. Jan. 19, 2010). In addition, as the district court correctly found, Plaintiff failed to state allegations of an official policy, custom, or practice so as to attach official capacity liability. (ECF 27 p. 7.)

Moreover, Plaintiff failed to allege any of the elements that would give rise to liability under Title II. *See* 42 U.S.C. §§ 12101-12214. Plaintiff does not state what, if any, is his qualifying disability nor that Defendants withheld services from him or otherwise discriminated against him because of his disability. The term "disability" cannot be found even once in his many pages of grievances and pleadings.

In addition, Plaintiff does not state whether officials failed to accommodate his disability or otherwise discriminated upon him due to his

disability. Plaintiff does not allege that he requested an accommodation nor how that accommodation was reasonable in a jail setting. Prison officials are not required to make modifications that "fundamentally alter the nature of the service, program or activity." *Siskos v. Sec'y, Dep't of Corr.*, No. 4:17-cv-186-RH-GRJ, 2018 U.S. Dist. LEXIS 92565, at *15 (N.D. Fla. May 18, 2018) (citing 28 C.F.R. § 35.130(b)(7)(i)).

Christmas did not want to remain on medical status but also did not want to be released from medical status into the general population. It appears that Plaintiff wanted to have a special unit where he could go to outside recreation but keep the special privileges of being on the medical ward. Supposing Plaintiff's request for accommodation was for some specialized recreation schedule or permission to use a cane in general population, Defendants were not required to fundamentally alter the nature of jail services simply to appease Plaintiff's contradictory desires.

Although pro se complaints are construed liberally, the district court was not required to create a claim where none was pled. As the facts alleged in the complaint utterly fail to state a claim under the ADA, the invitation in Christmas' brief to invent such a claim should be declined.

**IV.  The District Court Properly Declined to Intervene in the Medical and Housing Decision to Move Christmas into the General Population and Properly Declined to Read into the Amended Complaint Allegations Regarding the Cane, Retaliation, and Deliberate Indifference to Medical Needs**

Christmas grieved his housing status and lack of outside recreation and was later moved to open population, where inmates had access to outside recreation. Now, for the first time on appeal, Christmas asserts that responding to his grievances and granting his requests were acts of retaliation for submitting the grievances and that the district court should have construed his complaint as asserting a retaliation claim.  Christmas also asserts that the district court should have interpreted his brief mention of his cane as a claim that Lt. Nabors and Sgt. Hill were deliberately indifferent to his serious medical needs.

Christmas never made these claims.  Not once in all his grievances and pleadings did Christmas use the word retaliation or even imply that taking away his cane was a retaliatory act.  Christmas states that his cane was taken away once he was moved to "open population."  Having a cane on open population status is a safety and security risk.  See *Messner v. Hickman Cnty.*, No. 1:11-cv-0059, 2013 U.S. Dist. LEXIS 167223, at *23 (M.D. Tenn. Nov. 25, 2013) ("It is unquestionable that introducing a cane into the jail facility would 'fundamentally alter the nature of' any benefits and services offered to all inmates.")  Though *pro se* complaints are construed liberally, a district court is not required to suggest or

add claims for plaintiffs. A court is also not to involve itself in the day-to-day operations of jails and prisons, and the district court correctly deferred to the judgment of prison officials addressing the day-to-day operations of a correction or detention facility. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Neither did Christmas allege facts that would state a claim of deliberate indifference to his medical needs against Lt. Nabors or Sgt. Hill. Although the Eighth (and Fourteenth) Amendment prohibits "deliberate indifference to serious medical needs of prisoners," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), it does not "require medical treatment to be perfect, the best obtainable, or even very good." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1262, 1271 (11th Cir. 2020) (citations and quotation marks omitted). The medical treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). "To prevail on such a claim, a litigant must satisfy both an objective and a subjective inquiry." *Ireland v. Prummell*, 53 F.4th 1274 (11th Cir. 2022) (quotation marks omitted). "The objective inquiry requires a plaintiff to establish the existence of an objectively serious medical need." *Id.* (citations and quotation marks omitted). "The subjective inquiry requires a plaintiff to prove that a government official was 'deliberatively indifferent' to that need. *Id*. (citations and quotation marks omitted).

The Eleventh Circuit has "synthesized this 'deliberate indifference' inquiry into four elements: (1) the official 'was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' (2) the official 'actually drew that inference,' (3) the official 'disregarded the risk of serious harm,' and (4) the official's 'conduct amounted to more than gross negligence.' " *Id.* (citations omitted). "When evaluating medical care and deliberate indifference, security considerations inherent in the functioning of a penological institution must be given significant weight." *Keohane v. Sec'y, Fla. Dep't of Corr.*, 952 F.3d 1257, 1275 (11th Cir. 2020). "The Eleventh Circuit has repeatedly recognized that some conditions are inherent in prison life and that their mere presence is not a constitutional violation – even if they have medical implications." *Hampton v. Hamm*, No. 2:20-CV-385-WKW, 2022 U.S. Dist. LEXIS 2750, at *22-23 (M.D. Ala. Jan. 6, 2022).

As stated above, prohibitions against detainees having canes in general population is one of those security considerations inherent in the functioning of a penological institution given significant weight by the court, even if Christmas had alleged a medical treatment claim. But he did not. His amended complaint contains no allegations that he had a "serious medical need" for the cane and that Lt. Nabors or Sgt. Hill were subjectively aware of the medical need. The amended complaint and grievances suggest the opposite: that he was ready to be placed in

open population and outdoor recreation and did not need his cane anymore. Christmas also does not allege what was his "serious risk of harm" and how Lt. Nabors or Sgt. Hill disregarded the risk.

Christmas' appeal as to claims he did not allege in his amended complaint regarding his cane and retaliation and deliberate indifference to serious medical needs must be denied.

## CONCLUSION

The district court correctly determined that Christmas' amended complaint failed to state a claim and warranted dismissal. Therefore, the district court's order should be affirmed.

# CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B), Federal Rules of Appellate Procedure. This Brief contains 4358 words, excluding the parts exempted by Rule 32(f), Federal Rules of Appellate Procedure. This Brief also complies with the typeface requirements set forth in Federal Rule 32(a)(5) and the type style requirements set forth in Federal Rule 32(a)(6) of the Federal Rules of Civil Procedure. This Brief has been prepared using Microsoft Word in Times New Roman 14-point type.

Campbell Trohn Tamayo & Aranda, P.A.

*/s/ Jennifer M. Vasquez*
JENNIFER M. VASQUEZ
Florida Bar No. 71942
JONATHAN B. TROHN
Florida Bar No. 880558
j.trohn@cttalaw.com
j.vasquez@cttalaw.com
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Defendants/Appellees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

Campbell Trohn Tamayo & Aranda P.A.

*/s/Jennifer M. Vasquez*
JENNIFER M. VASQUEZ
Florida Bar No. 71942
j.vaquez@cttalaw.com
JONATHAN B. TROHN
Florida Bar No. 880558
j.trohn@cttalaw.com
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Defendants/Appellees